UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Chana Kramer, individually and on behalf of all others similarly situated;<br><br>                            Plaintiff,<br><br>   -v.-<br><br>C. Tech Collections, Inc.,<br><br>                            Defendant. | Civil Action No: 2:22-cv-3240<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chana Kramer (hereinafter, "Plaintiff"), individually an on behalf of all others similarly situated, by and through her attorneys, Horowitz Law, PLLC, complains, states and alleges against Defendant C. Tech Collections, Inc., (hereinafter "Defendant" or "C. Tech"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. This action seeks to recover for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

1

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Nassau.

5. Plaintiff is a natural person allegedly obligated to pay a debt.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692(a)(3).

7. Defendant C. Tech Collections, Inc., is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5505 Nesconset Highway, Suite 200, Mount Sinai, New York 11766.

8. Upon information and belief, Defendant C. Tech is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## THE FDCPA

9. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

10. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

11. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

12. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers… as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcar Fin. Servs.*, 516 F.3d 85, 91 (2d Cir. 2008).

13. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson,* 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

14. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer---understands the notice he or she receives." *Russell*, 74 F.36 at 34.

15. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.* 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," of if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability my only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id*.

## CLASS ALLEGATIONS

17. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

18. Plaintiff seeks to certify a class of:

> All consumer to who Defendant C. Tech sent collection letters and responded to consumer's phone dispute substantially and materially similar to the Letters sent and response to Plaintiff's dispute, which letter was sent on or after a date one year prior to the filing of this action to the present.

19. This action seeks a finding that Defendant C. Tech's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. §1692k.

20. The Class consist of more than thirty-five persons.

21. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual

issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a demeanor applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brough under consumer protection laws.

## FACTUAL ALLEGATIONS

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

25. Some time prior to March 29, 2022, an obligation was incurred by Plaintiff to non-party creditor NYU Grossman School of Medicine Faculty Group Practice ("NYU").

26. The NYU obligation arose out of a transaction in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

27. The alleged NYU obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

28. NYU is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29. Sometime thereafter, NYU assigned the debt to Defendant C. Tech in an attempt to collect the alleged debt.

30. Defendant C. Tech collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

31. Defendant sent Plaintiff multiple collection letters on or about March 29, 2022 ("March Letter") and again on April 11, 2022 ("April Letter"), (collectively "Letters") regarding the alleged debt owed to NYU. See Letters attached as Exhibit A & B respectively.

32. The Letters are a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The March Letter with an account number of XXXXX sought to collect a balance of $20.00.

34. The April Letter sent less than two weeks after the March Letter contained the identical account number but yet sought to collect an alleged balance of $65.05.

35. The March Letter did not contain the validation notice as required by 15 U.S.C. § 1692g.

36. The April Letter although not the initial collection letter did ostensibly include the validation notices.

37. Among the rights provided by 15 U.S.C. §1692g(a) is a 30-day period from the consumer's receipt of the initial communication in which the consumer may dispute the debt or request verification.

38. The consumer must dispute the debt within 30 days from their receipt of the initial communication in order for the FDCPA to require the debt collector to obtain and send the consumer verification prior to continuing collection efforts.

39. If the consumer disputes the debt after the 30-day period from the initial communication expired, the debt collector is not required to send the consumer verification.

40. Upon information and belief, the March Letter was the initial communication with Plaintiff regarding the alleged debt yet did not contain the required §1692g notification and deprived Plaintiff of her statutory rights.

41. Alternatively, the March Letter was not the initial communication and Plaintiff previously been provided with her §1692g notice, the April Letter is misleading as it provides an additional §1692g notice.

42. By stating that the consumer has an additional 30-day period in which she may dispute the debt, which is not accurate per §1692g(a), the April Letter unfairly confuses the Plaintiff as to her rights.

43. In addition, in granting the Plaintiff an additional opportunity to dispute the debt, Defendant rendered the previously sent §1692g statement false, when it stated that the Defendant "will assume this debt is valid" if Plaintiff "did not notify [Defendant] within 30-days" that Plaintiff disputes the validity of the debt.

44. In addition, the Letters did not contain a notice that the balance may increase.

45. The Letters do not explain the change in balances, and led Plaintiff to believe that the balance could continue to increase.

46. The Letters materially misled Plaintiff because a consumer with two equal debts, one of which is increasing and one which is static, will pay the increasing debt first.

47. Because of the lack of information in the Letters, Plaintiff does not know if the debt is increasing or static.

48. The statement of the balance due in the March Letter, without the notice that the debt may increase, misled Plaintiff into believing that payment of the balance due will resolve her account.

49. The FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase.

50. Because of the conflicting amounts due in the Letters, Plaintiff suspected the Letters may be fraudulent or suspect, in whole or in part.

51. Thereafter, on or around April 29, 2022, Plaintiff, called Defendant C. Tech in an attempt to dispute the alleged debt that was suspect due to the conflicting balances.

52. Defendant's representative refused to accept the Plaintiff's dispute.

53. Defendant's representative demanded that the Plaintiff give reasons for the dispute and demanded that Plaintiff give specifics regarding the validity of the dispute.

54. Plaintiff's dispute, made by telephone, meets the criteria set forth by § 1692g, as she unequivocally stated that she was disputing the validity of the debt and has no requirement to give any reason or proof regarding the validity of the dispute.

55. Requiring that the Plaintiff prove the validity of her dispute and provide reasons for the dispute violates the consumer rights as provided for under the FDCPA and is materially misleading and a knowingly false statement.

56. Defendant's demand for a reason for the dispute overshadowed Plaintiff's right to dispute the debt over the phone, or in general as no reason is required to be given by the Plaintiff to validly exercise her dispute rights.

57. The false and deceptive tactic of demanding a specific reason before accepting a dispute as valid is misleading because it confuses the consumer as to how to exercise her dispute and validation rights as provided by the FDCPA § 1692g.

58. Defendant intentionally chose to make it difficult for the Plaintiff to dispute the debt, even though she did it in a proper manner.

59. Plaintiff was not prepared to provide a reason for her dispute. Defendant's request for one made Plaintiff stressed and fearful about explaining her position to well-trained professional debt collectors.

60. After the call, Plaintiff then spent time determining whether his proffered response was adequate and whether he needed to explain her position. During this time, Plaintiff suffered emotional and mental stress due to Defendant's improper actions.

61. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

62. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

63. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

64. Plaintiff was confused and misled to her detriment by the statement made by the Defendant, and relied on the statement to her detriment.

65. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated said section as described above by:

   a) Making false and misleading representation regarding the account balance and Plaintiff's right to dispute the debt, in violation of §§ 1692e, 1692e(2), 1692e(5), and 1692e(10);

70. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

71. Plaintiff repeats the above allegations as if set forth here.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

74. Defendant violated said section as described above in violation of §§ 1692f.

75. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

76. Plaintiff repeats the above allegations as if set forth here.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692g.

78. The Defendant violated 15 U.S.C. § 1692g:

   a) By demanding a reason for Plaintiff's dispute and rejecting the Plaintiff's dispute, despite the fact she validly exercised her dispute rights under the FDCPA;

   b) By failing to clearly state the amount of the debt;

   c) Alternatively, Defendant violated this section by failing to provide a notification of Plaintiff's rights in the March Letter

79. By reason thereof, defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g, *et seq.* of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

80. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Chana Kramer, individually and on behalf of all others similarly situated, demands judgment from Defendant C. Tech as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Flushing, New York
June 1, 2022

/s/ Uri Horowitz
By: Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*